RONZONE (UNITED STATES v.). See Case No. 16,192.

ROOD (ABBE v.). See Case No. 6.

ROOD (COLT v.). See Case No. 3,031.

———

## Case No. 12,032.

### In re ROONEY.

[6 N. B. R. 163.] [1]

District Court, D. New Jersey. Dec. 19. 1871.

BANKRUPTCY — FRAUDULENT CONVEYANCE — DATE OF DEED—EXECUTION—EVIDENCE—ADMISSIONS—COPY.

1. A debtor made a transfer of real estate to his brother-in-law, who on the same day re-

conveyed the property to the wife of the debtor. *Held*, that the transfer took place at the time of the actual execution and delivery of the deeds, and not at their date, and was therefore within the six months limited by the act [of 1867 (14 Stat. 517)].

2. An exemplified copy of an examination of the debtor, taken under the laws of the state of New York, under supplemental proceedings upon a judgment, was offered, for the purpose of proving admissions of the debtor. *Held*, that under the act of congress approved May twenty-sixth, seventeen hundred and ninety [1 Stat. 122], such copy was proper evidence, such examination being "judicial proceedings" within the meaning of said act.

In bankruptcy.

NIXON, District Judge. The petition in bankruptcy in this case was filed October eleventh, eighteen hundred and seventy-one. The petitioning creditor's debt is claimed to be two several judgments obtained by the petitioner against the defendant in the supreme court of the state of New York, on the twenty-fourth day of April, eighteen hundred and seventy-one, for the sum of four hundred and eighty dollars and seventy-nine cents and four hundred and thirty-one dollars and forty cents respectively. The act of bankruptcy alleged was the transfer of certain real estate on the eighteenth day of April, eighteen hundred and seventy-one, by the said debtor without consideration, with intent to delay, hinder and defraud creditors. The debt is proved by exemplified copies of the said judgments, supplemented by the oath of the petitioner that they remained wholly unpaid and unsatisfied. To prove the act of bankruptcy, copies of two deeds of conveyance were produced, certified by the clerk of Hudson county according to law, one from Cornelius J. Rooney and wife to John J. Gaffney, her brother, dated March first, eighteen hundred and seventy-one, acknowledged April eighteenth, eighteen hundred and seventy-one, and deposited in the clerk's office for record on the last named day; and the other from the said Gaffney and wife to the wife of the debtor, bearing date March first, eighteen hundred and seventy-one, acknowledged April eighteenth, eighteen hundred and seventy-one, and left for record as aforesaid May nineteenth, eighteen hundred and seventy-one, and also an exemplified copy of certain proceedings had and taken before Judge Cardoza, one of the judges of the supreme court of the state of New York, under the said judgments, by virtue of the law of said state. in which proceedings the said debtor was examined and admitted under oath that the consideration paid by the said Gaffney for said transfer and conveyance was his check for five thousand dollars, which deponent endorsed to his wife; that with said check she bought back the property from her brother, and that when the conveyance was made by him to the said Gaffney, the understanding was that Gaffney should reconvey the same to deponent's wife. It was further proved

———

[1] [Reprinted by permission.]

by the testimony of John H. Platt, Esq., that the two deeds were acknowledged before him by the respective grantors on the eighteenth day of April, eighteen hundred and seventy-one; that he witnessed the execution of the first named deed by Rooney and wife on that day, and after annexing the certificate of acknowledgment he delivered the same to the grantors. In order to render the transfer complained of in this case an act of bankruptcy, it must have been made within six months before the petition in bankruptcy was filed. The deeds are dated respectively on March first, and the petition was filed on the eleventh of October following. In the absence of any evidence to the contrary, it may be presumed that the date was the time of the execution and delivery of the deeds of conveyance, but I am satisfied from the proof that they were not actually executed and delivered before the eighteenth of April, and that time brings the act within the six months.

The counsel for the defendant insisted at the hearing, that there was no evidence of a fraudulent intent; that the debtor's admissions in the supplemental proceedings in New York were not legally proved, and that the copy of the examination, authenticated under the act of May twenty-sixth, seventeen hundred and ninety (1 Stat. 122), was not the highest and best evidence that the petitioner could have produced. It has been held that the statute is not restricted to the 'case of judgments. Hopkins v. Ludlow, 1 Phila. 272. "Judicial proceedings" are indeed included in the very terms of the law as proper subjects to be authenticated in the mode proposed. The laws of New York provide for such an examination of the debtor, after execution, as to the disposition of his property, and his testimony thus taken and placed upon file may be fairly treated in another court as of the nature and character of a judicial proceeding, and thus capable of authentication under the act of congress. I am therefore of opinion that the admissions of the debtor, thus authenticated, are evidence against him in this proceeding; that they are sufficient to establish the fact of a fraudulent transfer of his real estate to hinder, delay and defraud his creditors, and that an adjudication in bankruptcy should be made, and it is ordered accordingly.